IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


TIMOTHY JOHN O'MALLEY,

    Petitioner,

v.                                         CASE NO. 1:07-cv-228-MMP-AK

WALTER A. MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas matter is before the Court on Doc. 5, Respondent's motion to dismiss. Petitioner has filed a response to the motion, and thus, this cause is in a posture for decision. 21Having carefully considered the matter, the Court recommends that the motion to dismiss be denied.

## BACKGROUND

On December 12, 2002, Petitioner pled guilty to one count of sexual battery by threat of force likely to cause serious personal injury and was sentenced to thirty years imprisonment. Doc. 6, Ex. O. He did not file a direct appeal of that judgment, but some time before March 25, 2003, he submitted a letter to the clerk, which the court deemed "to be his pro se motion to correct sentence to credit him with jail time served." *Id*. at 193. This resulted in the entry of an amended judgment on April 4, 2003, nunc pro tunc December 12, 2002. *Id*. at 196-98.

On April 6, 2003, Petitioner filed a petition for writ of habeas corpus pursuant to Fla. R. App. P. 9.141(c) in the court of appeal. Doc. 6, Ex. A. In his petition, Petitioner claimed that on the day after judgment was entered, he asked his attorney to file an appeal for him, but counsel failed to do so. *Id*. The court treated the petition as one seeking belated appeal but because the petition was not sworn, did not otherwise meet the requirements of Rule 9.141(c), and was not framed properly, directed Petitioner to file an amended petition. Doc. 6, Ex. B & C. Petitioner filed an amended petition on May 13, 2003. Doc. 6, Ex. O at 199. After the State responded, the court of appeal appointed a special master to conduct proceedings in the case. A hearing was held but continued for appointment of counsel and to allow Petitioner to secure additional evidentiary support. When the hearing was resumed, counsel for Petitioner "made an ore tenus representation to the Court that the Defendant wished the Court to dismiss his petition for belated appeal based on his voluntary request." *Id*. at 240. While the special master had no authority to dismiss the appeal himself, he recommended that the court of appeal dismiss the amended petition without prejudice. *Id*. at 241. The court of appeal accepted the recommendation and dismissed the petition on December 30, 2003. *Id*. at 242.

On March 16, 2004, Petitioner filed a 3.850 motion for post-conviction relief, raising two grounds for relief: (1) that his plea was not knowing and voluntary because of the psychotropic drugs he was taking, and (2) that counsel was ineffective in failing to investigate and advise Petitioner of the elements of the charged offense or potential defenses. Doc. 6, Ex. L. The court summarily denied the first ground based on the record developed at the plea hearing in which Petitioner "confirmed that the medication did not affect his ability to make an intelligent decision." *Id*. at 69. As to the ineffectiveness claim, the court set the matter for evidentiary

hearing.  After hearing the testimony of Petitioner and his attorney, the court found that Petitioner had "actively sought a plea" and that his testimony was "unreliable and disingenuous" and that he had "received competent representation by trial counsel."  *Id*. at 79.  The court concluded there was "no factual basis to find inadequate representation."  *Id*.

Petitioner appealed, and the court of appeal affirmed without written opinion.  *O'Malley v. State*, 963 So.2d 232 (Fla. Dist. Ct. App. 2007).  The mandate issued on September 24, 2007.  Doc. 6, Ex. Y.  Petitioner signed the instant petition on October 29, 2007.  Doc. 1 at 6.  The petition was not, however, mailed from the prison facility but from Sheridan, California, on November 5, 2007.  *Id*. at 10.  It was filed in this Court on November 7, 2007.  On this occasion, he raises the same claims raised in his post-conviction motion.

Presently before the Court is Respondent's motion to dismiss.  Doc. 5.  According to him, the instant petition is untimely because the time during which the petition for belated appeal was pending did not toll the running of the one-year statute of limitations.

## DISCUSSION

Section 2254 petitions are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of the following:  the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  Only subsections(A) is at issue in this case.

Respondent contends that Petitioner's conviction became final thirty days after the

December 12, 2002, judgment when the time for seeking appeal expired, *see* Fla. R. App. P. 9.110(b), and that the statute of limitations ran unabated until it expired on January 13, 2004. Thus, according to Respondent, by the time Petitioner filed his Rule 3.850 motion on March 16, 2004, the time for seeking relief in this Court had expired, and nothing he did in state court after the expiration of the statute of limitations served to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

However, a properly filed motion for post-conviction or collateral relief will toll the one-year filing period, *id*. at § 2244(d)(2), and thus, the question is whether the petition for belated appeal, which was pending from April 6, 2003, through December 30, 2003, as will be discussed *infra*, constitutes "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." If the motion is on seeking either post-conviction or collateral review, then its filing tolled the one-year statute of limitations, and this cause was timely filed.

A review of the applicable appellate rule and its history is enlightening. Rule 9.141 of the Florida Rules of Appellate Procedure contemplates "Review Proceedings in Collateral or Post-Conviction Criminal Cases," including "Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel." Fla. R. App. P. 9.141(c). Subsection (c) applies to a request for a belated direct appeal from a criminal judgment. *Johnson v. Gibson*, 837 So.2d 481, 483 n.2 (Fla. Dist. Ct. App. 2002). Before the adoption of Rule 9.141, all issues related to criminal appeals were covered under Rule 9.140, with subsection (j) being devoted, in part, to

the "failure to timely initiate an appeal by appointed counsel." Fla. R. App. P. 9.140, Comm. Notes, 1996 Amendment. Subsection (j), which called for the filing of a petition for a belated appeal with the appropriate court of appeal, had been added to Rule 9.140 "to provide a uniform procedure for requesting belated appeal and to supersede *State v. District Court of Appeal of Florida, First District*, 569 So.2d 439 (Fla. 1990)," which had resulted in two different procedures for requesting belated appeals, depending on whether "the criminal appeal was frustrated by ineffective assistance of trial counsel." *Id.* Rule 9.141 was created when the rules committee "opted to transfer" subsections (i) and (j) of 9.140 to the new rule because 9.140 had "becom[e] lengthy" and because "review proceedings for collateral criminal cases are in some respects treated as civil appeals or as extraordinary writs, rather than criminal appeals under rule 9.140." Fla. R. App. P. 9.141, Comm. Notes, 2000 Amendment. Though 9.141(c) was "slightly reorganized and clarified," it intended no substantive changes to 9.140(j).

Though a petition for belated appeal is filed as an original proceeding in the appropriate court of appeal, this procedural posture does not, in this Court's view, detract from the collateral nature of the proceeding but instead points up the intention to provide an avenue for a defendant to seek recourse for an attorney's alleged ineffective assistance for failure to file a notice of appeal after a criminal judgment has been rendered. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (lawyer who disregards specific instructions from defendant to file notice of appeal acts in manner that is professionally unreasonable). Indeed, motions for belated appeals are "common collateral proceedings in Florida courts." *Williams v. Crist*, 230 Fed. Appx. 861, 863 n.2 (11th Cir. 2006). This conclusion comports with rulings made in this Court, finding that a motion for belated appeal from the denial of post-conviction relief, "filed at a time when

Petitioner still had time on this AEDPA one year clock, was a 'properly filed' 'application' as intended by § 2244(d)(2) that tolled the AEDPA time while it was 'pending.'" *Patrick v. McDonough*, 2007 WL 3231740, at *9 (N.D. Fla. Oct. 29, 1997).

In this case, Respondent concedes that if this Court finds that the motion for belated appeal was a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," then this petition was timely filed. Based on the history of the appellate rule governing belated appeals and the applicable case law, this Court concludes that the motion for belated appeal was indeed an application for State collateral review with respect to the criminal judgment entered in Petitioner's state court case. It was filed while time remained on the one-year clock, and though it has no impact on the timeliness inquiry in this instance, the Court notes that the date that the motion for belated appeal was originally filed in State court is the relevant tolling event, since, under Florida law, an amended motion which is a "copy of the original with the oath added at the end" relates back to the original filing. *Bryant v. State*, 901 So2d 810, 818-19 (Fla. 2005). *See also Mederos v. United States*, 218 F.3d 1252, 1253-54 (11th Cir. 2000) (district court erred by not finding that second § 2255 motion related back to date of original § 2255 motion where second motion was identical to first except for addition of signature under penalty of perjury). Even if the Court assumes that the amended judgment did not affect the calculation of the statute of limitations, and that it began running on January 13, 2003, when the time for filing a notice of direct appeal expired, between that date and November 7, 2007, when the instant petition was filed in this Court, only 202 days of untolled time expired, thereby making the instant petition timely.

## CONCLUSION

*Case No: 1:07-cv-228-MMP-AK*

Accordingly, it is respectfully **RECOMMENDED:**

That the motion to dismiss, Doc. 5, be **DENIED**;

That Respondent be **DIRECTED TO FILE A RESPONSE** to the habeas petition within 30 days of the date of the order adopting the Report and Recommendation; and

That this cause be **REMANDED TO THE UNDERSIGNED FOR FURTHER PROCEEDINGS**.

**IN CHAMBERS** at Gainesville, Florida, this  25th  day of June, 2008.

*s A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**